VAN COTT, BAGLEY, CORNWALL & McCARTHY
John P. Ashton (0134)
James R. Farmer (8592)
36 South State Street, Suite 1900
Post Office Box 45340
Salt Lake City, Utah 84111
Telephone: (801) 532-3333
Facsimile: (801) 534-0058
jashton@vancott.com
jfarmer@vancott.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LARSON ARCHERY COMPANY, a Utah corporation,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ELITE OUTDOORS, LLC, a Delaware limited liability company,<br><br>　　　　　　　Defendant. | **COMPLAINT**<br>**PATENT INFRINGEMENT**<br><br>**JURY DEMANDED**<br><br>Case No. 1:15-CV-00044-BCW<br><br>Honorable Judge Magistrate Judge Brooke C. Wells |

Plaintiff Larson Archery Company ("Larson"), by and through its undersigned counsel, hereby files its complaint for patent infringement and for relief against Defendant Elite Outdoors, LLC ("Elite") as follows:

## PARTIES

1. Larson is a corporation organized and existing under the laws of the State of Utah, having a principal place of business in Ogden, Utah.

2. Upon information and belief, Elite is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business in Henrietta, New York.

## JURISDICTION AND VENUE

3. The claims alleged herein arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

4. The Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Elite because Elite transacts business within the State of Utah and within the District of Utah, Central Division.

6. Venue is proper under 28 U.S.C. §§ 1391 or 1400(b) because a substantial part of the events giving rise to this action allegedly occurred within the State of Utah and within the District of Utah, Central Division.

## FACTUAL BACKGROUND

7. Larson designs and develops products for use in the archery industry, including compound bows.

8. Larson is the owner by assignment of United States Patent No. 6,415,780 (the '780 patent) and has the unencumbered right to enforce the '780 patent, including the right to injunctive relief and to sue for and collect past damages for infringement.

2

9. Elite develops and markets a number of archery products, including eccentric cam systems intended for use in compound bows and having first and second bearing elements spaced apart by a distance along an axle and compound bows having such eccentric cam systems, including, without limitation, the Synergy, Energy 32, Energy 35, Spirit and Victory series of compound bows ("Accused Products").

10. Elite operates and maintains a website at www.elitearchery.com where Elite markets its products and services, including the Accused Products, to consumers throughout the United States.

11. Elite sells and offers to sell throughout the United States, including within the District of Utah, the Accused Products that embody the inventions disclosed in and that are covered by one or more claims of the '780 patent.

12. Elite has engaged, and continues to engage, in the manufacture, use, distribution, sale or offer for sale of the Accused Products embodying the inventions and covered by one or more claims of the '780 patent in this judicial district and throughout the United States.

13. During February 2010, counsel for Alpine Archery, Inc., the prior owner of the '780 patent, sent a letter to Elite at Elite's principal place of business in Henrietta, New York, informing Elite of the '780 patent and offering to license the use of the patent.

14. The letter sent to Elite on behalf of Alpine Archery, Inc. provided notice to Elite of the '780 patent covering archery and compound bow technologies.

15. Elite had notice and actual knowledge of the '780 patent not later than February 2010.

16. Commencing near the issue date of the '780 patent, Alpine Archery, Inc. also provided notice of the patent by marking product packaging and literature with the '780 patent number.

17. Notwithstanding notice of the '780 patent, Elite continued and continues its manufacture, use, distribution, sale or offer for sale of the Accused Products embodying the inventions and covered by one or more claims of the '780 patent in this judicial district and throughout the United States.

18. Elite's manufacture, use, distribution, sale or offering for sale of the Accused Products in the United States and in this judicial district is willful and done with knowledge that the Accused Products would infringe one or more claims of the '780 patent.

**COUNT ONE**
(Infringement of U.S. Patent No. 6,415,780)

19. Larson realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

20. Elite has infringed, induced infringement of, or contributorily infringed and continues to infringe, induce infringement of, or contributorily infringe one or more claims of the '780 patent by, among other things, making, using, selling or offering to sell in the United States, including in this judicial district, Accused Products embodying the patented inventions and covered by one or more claims of the '780 patent.

21. On information and belief, each of Elite's acts of infringement has been willful and deliberate, having been done with full knowledge of the '780 patent and knowledge that the Accused Products infringe one or more claims of the '780 patent.

22. Larson has been damaged by the acts of Elite, and is entitled to recover damages from Elite in an amount adequate to compensate Larson for the infringement that has occurred, but in no event less than a reasonable royalty for the use made by Elite of the inventions, plus attorney fees pursuant to 35 U.S.C. § 285, interest and costs.

23. By reason of the foregoing conduct of Elite, Larson will suffer irreparable harm and damage, which damage will be difficult to ascertain, leaving Larson with no adequate remedy at law, and thereby entitling Larson to injunctive relief enjoining Elite from further infringing the '780 patent.

## PRAYER FOR RELIEF

WHEREFORE, Larson demands judgment in its favor and against Elite requiring Elite to appear and answer and, at trial or final hearing, that Larson recover from and against Elite the following relief:

1. An adjudication that Elite has infringed one or more claims of the '780 patent in violation of 35 U.S.C. §§ 271(a), (b) or (c).

2. An order enjoining Elite, its agents, officers, assigns and others acting in concert with PSE, from infringing the '780 patent in violation of 35 U.S.C. §§ 271(a), (b) or (c).

3. Actual damages, the amounts of which shall be proven at trial;

4. Statutorily increased damages, in an amount treble the actual damages;

5. An award or order for an accounting of damages;

6. An award or order finding this case to be exceptional;

7. Attorney fees, costs and expenses as permitted by law; and

8.  Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Larson requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

DATED this 13th day of March, 2015.

                VAN COTT BAGLEY CORNWALL & MCCARTHY

                /s/ John P. Ashton
                /s/ James R. Farmer
                John P. Ashton (0134)
                James R. Farmer (8592)

                ATTORNEYS FOR PLAINTIFF
                LARSON ARCHERY CO.

Plaintiff's Address:

Larson Archery Co.
2735 South 4050 West
Ogden, UT 84401